IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03370-BNB

RONALD CORDOVA,

     Plaintiff,

v.

NO NAMED DEFENDANT,

     Defendant.

---

ORDER DISMISSING CASE

---

     Plaintiff is in the custody of the Colorado Department of Corrections and incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. On December 12 , 2013, Plaintiff submitted thirty-six pages of exhibits that included an objection to findings by Judge John Kane in Case No. 92-cv-00870-CMA. Magistrate Judge Boyd N. Boland construed the documents as an attempt by Plaintiff to file an action challenging the DOC's denial of accommodations other than the standard ADA accommodations and directed Plaintiff to cure certain deficiencies to proceed with the action.

     On December 23, 2013, Plaintiff submitted a Letter to the Court and stated that he did not intend to file a new action. Plaintiff states that the documents he filed were intended to be filed in Case No. 13-cv-00870-CMA because issues of genuine fact are still in dispute. Pursuant to the special master's order entered in Case No. 13-cv-00870-CMA on January 28, 2013, Plaintiff was told that Judge Kane had removed himself from the case and to file a separate and new case if he desired to pursue any

ADA claims.  *See Montez, et al., v. Hickenlooper, et al.*, No. 92-cv-00870-CMA, ECF No. 5351 (D. Colo. Jan. 28, 2013).

The Court construes the Letter liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  Defendant has not filed an answer in this action.  Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* 8-41 James Wm. Moore et al., Moore's Federal Practice § 41.33(6)(a) (3d ed. 1997); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  The Letter, therefore, is construed as a Notice of Voluntary Dismissal.  The case will be closed as of December 23, 2013, the date the Notice was filed with the Court.  *See Hyde Constr. Co.*, 388 F.2d at 507.  The Court will refrain from filing the documents in Case No. 92-cv-00870-CMA, based on the special master's January 28, 2013 order in that case.  Accordingly, it is

ORDERED that the Letter filed on December 23, 2013, ECF No. 4, is construed as a Notice of Voluntary Dismissal and is effective as of December 23, 2013, the date Plaintiff filed the Notice in this action.

DATED at Denver, Colorado, this  2nd  day of   January         , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court